# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2023

Lyle W. Cayce
Clerk

No. 22-30392
Summary Calendar

———————————

Alcus Smith,

*Petitioner—Appellant*,

*versus*

Tim Hooper, *Warden, Louisiana State Penitentiary*,

*Respondent—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-3190

———————————————————

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Alcus Smith, Louisiana prisoner # 527215 and proceeding *pro se*, appeals the denial of his 28 U.S.C. § 2254 application challenging his jury-trial convictions for racketeering, conspiracy to distribute cocaine, and possession with intent to distribute cocaine. *See* La. Stat. Ann. §§ 15:1352, 40:967(A), 40:979. Pursuant to a 28 U.S.C. § 2253 certificate of appealability

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30392

issued by the district court, he maintains his non-unanimous jury verdicts violated *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020) (holding state jury must be unanimous to convict defendant of serious offense).

The district court's findings of fact are reviewed for clear error; its conclusions of law, *de novo*. *Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001).

As the district court correctly explained, Smith's convictions became final prior to the issuance of *Ramos*, which is not retroactively applicable to final convictions on federal collateral review. *E.g.*, *Edwards v. Vannoy*, 141 S. Ct. 1547, 1562 (2021) ("*Ramos* announced a new rule of criminal procedure. It does not apply retroactively on federal collateral review."). Accordingly, his assertions regarding *Ramos*' applicability to his convictions are without merit.

AFFIRMED.